The evidence is sufficient to sustain the conviction.

No brief has been filed in behalf of appellant. None of the bills of exception raise questions that would require reversal where the minimum punishment was assessed, and therefore need not be considered.

The judgment is affirmed.

### RILEY v. STATE.

No. 26870.

Court of Criminal Appeals of Texas.

March 10, 1954.

Rehearing Denied April 28, 1954.

No attorney on appeal, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

The sale of whisky in a dry area is the offense; the punishment, a fine of $200 and thirty days in jail.

The record before us contains no statement of facts, without which the bill of exception cannot be considered.

The judgment is affirmed.

Opinion approved by the court.

On Motion for Rehearing

MORRISON, Judge.

Appellant now asserts that a fatal variance exists between the complaint and

the information in that the complaint alleges a primary offense while the information contains allegations as to two prior convictions to enhance the punishment.

The trial was held November 27, 1953. On the same day the county attorney filed his written request to abandon the counts in the information alleging the prior convictions and asking that he be allowed to proceed to trial on the charge set forth in the first paragraph therein. This request was granted by the court in writing. There is no showing that the second and third paragraphs of the information were seen by or read to the jury.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.